| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **VIOLET R. McKINNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming before the undersigned upon a Violation Report (#13) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Fredilyn Sision, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of information (#1) with presenting a false and fictitious claim to the United States Department of Veterans Affairs, in

violation of 18 U.S.C. § 287. A hearing was held in regard to detention of Defendant on September 3, 2014 and on that date, the undersigned entered an Order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1)     Defendant shall not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On October 15, 2014, Defendant submitted to a urinalysis drug test at which time Defendant tested positive for use of cocaine. Defendant then admitted that she had used cocaine on or about October 14, 2014.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)     finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)     finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that

the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal and state crime while on release. The possession and use of cocaine is both a federal and state crime. The possession of cocaine is a felony under state law. N.C.G.S. 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the term and condition of release that Defendant refrain from use or unlawful possession of a narcotic or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing and using cocaine which is a controlled substance and drug which is not prescribed by license medical

practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors set forth in 18 U.S.C. § 3142(g), it appears there are no conditions or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release previously entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 29, 2014

Dennis L. Howell
United States Magistrate Judge